IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL ACTION NO. 3:20-CR-00255-KDB-DCK-1

UNITED STATES OF AMERICA,

v.

MARKEBUS LAMONZ WALKER,

Defendant.

**ORDER**

**THIS MATTER** is before the Court on Defendant Markebus Lamonz Walker's *pro se* motion for compassionate release and reduction in sentence under 18 U.S.C. § 3582(c)(1), the First Step Act of 2018, the Coronavirus Aid, Relief, and Economic Security (CARES) Act of 2020, and for appointment of counsel. (Doc. No. 40). Defendant seeks compassionate release arguing he faces a heightened risk of contracting COVID-19 while incarcerated at FCI Butner - Low[1] and that, due to his medical conditions, he faces a heightened risk of a severe case of COVID-19 or possibly death if he were to contract the virus. Because Defendant has not met his burden to establish that a sentencing reduction is warranted under 18 U.S.C. § 3582(c), the Court will deny his motion.

Defendant is a 43-year-old male serving his prison sentence at FCI Butner- Low in North Carolina. He is serving a sentence of a total of 60 months of imprisonment. (Doc. No. 34).

---

[1] According to the Bureau of Prison's (BOP) website, FCI Butner-Low currently has zero inmates and 4 staff with confirmed active cases of COVID-19. There have been 18 inmate deaths and 2 staff deaths, while 380 inmates have recovered, and 132 staff have recovered. Additionally, at the Butner complex, 978 staff have been fully inoculated and 3,801 inmates have been fully inoculated.

According to the Bureau of Prisons website, his scheduled release date is June 28, 2025. Defendant bases his motion on the threat posed by the COVID-19 pandemic and states that he suffers from Addison's Disease, adrenal insufficiency, and hypertension, all which he claims place him at a greater risk of contracting the COVID-19 virus. (Doc. No. 40 at 1). According to his Presentence Investigation Report that was filed on June 3, 2021, Defendant self-reported his Addison's Disease and hypertension and was receiving medication at Mecklenburg County Jail. (Doc. No. 30, ¶¶ 47-48). This Court was aware of his self-reported medical conditions at time of sentencing just 14 months ago. Defendant fails to provide his BOP medical records to substantiate his medical claims and therefore, there is no extraordinary and compelling reason for a sentence reduction.

In response to the COVID-19 pandemic, the President signed the CARES Act into law on March 27, 2020. Pub. L. 116-136, 134 Stat 281, 516. Section 12003(b)(2) of the Act gives the Director of the BOP authority to lengthen the maximum amount of time a prisoner may be placed in home confinement under 18 U.S.C. § 3624(c)(2) during the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP. On April 3, 2020, the Attorney General issued a memorandum to the Director of the BOP making that finding and directing the immediate processing of suitable candidates for home confinement. However, nothing in the CARES Act gives the Court a role in determining those candidates. *See United States v. Caudle*, 740 F. App'x 364, 365 (4th Cir. 2018) (district court lacks authority to govern designation of prisoners under § 3624(c)(2)).

Further, Defendant requests appointment of counsel to assist him with his compassionate release motion. There is no general constitutional right to appointed counsel in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Williamson*, 706 F.3d 405, 416 (4th Cir. 2013). The Court has discretion to appoint counsel in proceedings

under 18 U.S.C. § 3582(c) if the interests of justice so require. *See United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000); *see also United States v. Reed*, 482 F. App'x 785, 786 (4th Cir. 2012); cf. 18 U.S.C. § 3006A (providing the interests of justice standard for appointment of counsel in similar post-conviction proceedings).

Defendant is seeking compassionate release due to risks associated with the COVID-19 pandemic that allegedly place him at greater risk of complications if he contracts the virus. Defendant, however, is capable of requesting compassionate release on this basis without the assistance of counsel and Defendant has not otherwise established that the interests of justice require appointment of counsel in these circumstances at this time. The Court finds that the interests of justice do not require appointment of counsel to assist the defendant at this time.

For these reasons, Defendant's *pro se* motion for compassionate release and reduction in sentence under 18 U.S.C. § 3582(c)(1) and the First Step Act of 2018 (Doc. No. 40), is **DENIED**.

**SO ORDERED.**

Signed: August 18, 2022

Kenneth D. Bell
United States District Judge